IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN E. POPE,<br><br>              Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>              Defendant. | 8:18CV421<br><br>**MEMORANDUM AND ORDER** |

John E. Pope is suing his former employer, Union Pacific Railroad Company (UPRR), under the Federal Employers Liability Act (FELA) 45 U.S.C. § 51 *et seq.*, alleging his workplace exposure to hazardous materials caused colon cancer. (Filing No. 1 at CM/ECF p. 2). Pope was diagnosed on February 4, 2013, more than 3 years before he sued. (Filing No. 25-2 at CM/ECF p. 1) UPRR now moves for summary judgment (Filing No. 23), arguing Pope's claim for recovery under the FELA is time-barred. See 45 U.S.C. § 56. For the reasons explained below, the motion will be granted.

FACTUAL STATEMENT

Pope worked for UPRR from 1974 to 1995 as a trackman, track foreman, and track inspector. (Filing No. 1 at CM/ECF p. 1). He alleges that during his employment, he was exposed to diesel fuel/exhaust, benzene, herbicides, creosote, rock/mineral dust, and asbestos fibers. (Id. at 2).

Prior to his employment for UPRR, Pope worked from 1972 to 1974 at Parkhurst Manufacturing Company as a welder. (Filing No. 27-2 at CM/ECF p. 5). He left that job because work-related exposure to smoke was exacerbating his

asthma. ([Filing No. 27-2 at CM/ECF pp. 6-7](#)). Pope suspected that his exposure to smoke was unhealthy and hazardous to his health. (Id.)

During his employment for UPRR, Pope complained to management about his exposure to creosote. ([Filing No. 27-2 at CM/ECF p. 8](#)). He also complained about breathing in diesel and sawdust, which affected his asthma. ([Filing No. 27-2 at CM/ECF p. 9](#)). Pope was concerned at some point during his employment that his exposure to creosote, sawdust, and diesel was dangerous to his health, particularly because of his asthma. (Id.) His medical records indicate that he spoke with a medical professional on June 21, 1991 regarding a history of asthma and a questionable history of "some occupational exposures to inhaled irritants." ([Filing No. 25-1](#)).

Pope sought treatment for a lesion on his right ear and mid lower abdominal discomfort on January 4, 2013. ([Filing No. 25-4 at CM/ECF p. 1](#)). A colonoscopy was performed on February 4, 2013, and cancer was discovered. ([Filing No. 25-2](#)). Pope discussed the cancer diagnosis with his physician that day, so Pope knew about his colon cancer no later than February 4, 2013.

In 2017, Pope saw a television advertisement for the Bern Cappelli law firm regarding lawsuits against UPRR for occupational exposures to hazardous materials. Pope maintains, however, that until he saw the advertisement, he had no idea that the hazardous materials he was exposed to at UPRR could cause colon cancer. ([Filing No. 29 at CM/ECF p. 4](#); [Filing No. 27-2 at CM/ECF p. 9](#)).

Between February 4, 2013 and 2017, Pope did not investigate the cause of his cancer. ([Filing No. 27-2 at CM/ECF p. 10](#)). And other than calling the law firm about its advertisement and completing its questionnaire, Plaintiff did not investigate the cause of his cancer from the time he saw the television advertisement to the time he filed this lawsuit. ([Filing No. 27-2 at CM/ECF p. 11](#)).

Pope filed suit on September 7, 2018, alleging that his workplace exposure "whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of cancer of the colon with metastasis to the liver." ([Filing No. 1 at CM/ECF p. 2](#)). UPRR now moves for summary judgment, asserting that Pope's FELA claim is time-barred as a matter of law. Pope asserts the statute of limitations issue presents a question of material fact which must be decided by a jury.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* [Fed. R. Civ. P. 56(a).](#) The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. [Torgerson v. City of Rochester,](#) 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. [Id.](#)

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. [Id.](#) Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. [Id.](#) But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. [Id.](#) In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. [Quinn v. St. Louis Cty.,](#) 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there

must be evidence on which the jury could conceivably find for the nonmovant. Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Torgerson, 643 F.3d at 1042.

DISCUSSION

The only issue presented is whether Pope's claim for relief is barred by 45 U.S.C § 56, which provides that "No action shall be maintained under [FELA] unless commenced within three years from the day the cause of action accrued." But that statute incorporates a discovery rule: When an injury does not arise from a single traumatic event with immediate symptoms, but rather a latent one with symptoms appearing over time, the claim does not accrue until the employee: 1) is aware or should be aware of his condition, and 2) knows – or has reason to know – the condition's cause. White v. Union Pac. R.R., 867 F. 3d 997, 1001 (8th Cir. 2017). Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential fact of injury and its cause. Id. (citing Fries v. Chi. & Nw. Transp. Co., 909 F.2d 1092, 1095 (7th Cir. 1990). [1] See Smith v. BNSF Ry. Co., No. 4:17-CV-3062, 2018

---

[1] There is a split of authority regarding the burden of proof in a FELA case when a defendant moves for summary judgment based on the statute of limitations. *Compare* Fonseca v. Consol. Rail Corp., 246 F.3d 585, 590-91 (6th Cir. 2001) (defendant has burden of proof on all affirmative defenses such as statute of limitations); *with* Johnson v. Norfolk & W. Ry. Co., 985 F.2d 553 (4th Cir. 1993), *and* Bealer v. Missouri Pac. R. Co., 951 F.2d 38, 39 (5th Cir. 1991) (because timeliness is essential element of plaintiff's claim, plaintiff bears burden of showing genuine factual dispute). For purposes of this motion, however, the Court assigns that burden to UPRR, because the discovery rule in FELA cases is a doctrine of accrual, not a tolling doctrine asserted in response to a statute of limitations defense. *See* Pharmacia Corp. Supplemental Pension Plan v. Weldon, 126 F. Supp. 3d 1061, 1074-75 (E.D. Mo. 2015); *cf.* Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991). Nonetheless, the issue of whether a suit is time-

WL 6529503, at 2 (D. Neb. Oct. 16, 2018). See, also, McLaughlin v. BNSF Ry. Co., No. 4:18-CV-3047, 2019 WL 4855147, at 2 (D. Neb. Oct. 1, 2019)

Under FELA's discovery rule, UPRR has the burden of showing that Plaintiff knew or should have known, prior to September 8, 2015, that he suffered from a work-related illness. UPRR need only show that Pope knew or should have known "the essential facts" of injury and cause. Once armed with these facts, Pope had an affirmative duty to reasonably inquire as to the cause of his cancer. White, 867 F.3d at 1001; *see also* Tolston v. Nat'l R.R. Passenger Corp., 102 F.3d 863, 865-66 (7th Cir. 1996) ("Just to be clear the [*Fries*] court added [that] this rule imposes on plaintiffs the affirmative duty to investigate the cause of a known injury"); Fries, 909 F.2d at 1095. To apply another rule would thwart the purposes of repose statutes which are designed to apportion the consequences of time between plaintiff and defendant and to preclude litigation of stale claims. Fries, 909 F.2d at 1095. And the suggestion, made by Pope, that only actual knowledge is enough to make a claim accrue under FELA has been repeatedly rejected by this and other courts. White, 867 F.3d at 1002-03; Tolston 102 F.3d at 866; Mclaughlin, 2019 WL 4855147, at 3.

Here, Pope knew he had colon cancer no later February 4, 2013 when his doctor spoke with him about colon cancer discovered during a colonoscopy. And for decades prior to his diagnosis, Pope knew that he had been exposed to hazardous materials at work which aggravated his asthma and affected his health. Those are the essential facts. Pope then had three years to investigate the causal connection between those facts, and in fact had a duty to do so or risk losing his

---

barred is a question of law, which properly may be resolved at the summary judgment stage if there are no genuine issues of material fact in dispute. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 835 (8th Cir. 2003); Hallgren v. U.S. Dep't of Energy, 331 F.3d 588, 589 (8th Cir. 2003).

ability to sue. See § 56; White, 867 F.3d at 1002. Assuming Pope's claims are fairly attributable to a workplace injury today, they were no less so on February 4, 2013.

The undisputed facts of record establish that as of February 4, 2013, Pope knew he had colon cancer and knew his workplace exposure to chemicals and other hazardous materials posed a risk of harm to his health. His claim therefore accrued no later than February 4, 2013, but he did not file suit within three years thereafter. Pope's FELA claim is time-barred.

IT IS ORDERED:

1) UPRR's motion for summary judgment (Filing 29) is granted, and Pope's FELA claim is dismissed with prejudice.

2) Judgment will be entered accordingly.

December 5, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge